# FEERICK LYNCH MacCARTNEY PLLC
## ATTORNEYS AT LAW

96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960

TEL. 845-353-2000

FAX. 845-353-2789

www.flmpllc.com

DENNIS E.A. LYNCH
DONALD J. FEERICK, JR.
J. DAVID MacCARTNEY, JR.

OF COUNSEL
DAVID J. RESNICK
ALBERT J. KAISER
WILLIAM D. REILLY

MARY E. MARZOLLA*
JENNIFER M. FEERICK
BRIAN D. NUGENT*
CHRISTOPHER J. WALSH
STEPHEN M. HONAN*+

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

MEMO ENDORSED

Pre-motion conference to be held on:
1-17-2012 @ 9:30 AM
Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.

So ordered.

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 11/30/11

*Via Facsimile 914-390-4278*

Hon. Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Monticello Police Benevolent Association, Inc. et al v.
Village of Monticello
Docket Number: 11-cv-06655 (CS)

Dear Judge Seibel:

Our Office represents the Defendant, Village of Monticello in the above referenced matter. Pursuant to Your Honor's Rule 2(A), our Office respectfully submits this correspondence to request a pre-Motion Conference and permission to submit a Motion to Dismiss the pending Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

In summary, Plaintiffs assert a first cause of action alleging a claim under the Fair Labor Standards Act of 1983, as Amended, 29 U.S.C. 201, *et seq.* (hereinafter "FLSA") for recovery of overtime compensation based upon a twelve (12) hour shift schedule in the Village's police department. Plaintiffs claim that Village's law enforcement officers were required to work eighty-four (84) hours in each bi-weekly work period (14 days) and are therefore entitled to overtime for any hours worked exceeding eighty (80) hours. The Village has interposed an Answer denying the violations alleged herein.

**PLAINTIFFS' FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE FLSA.**

The FLSA establishes different minimum overtime criteria for law enforcement officers. See 29 U.S.C. § 207(k). Under the FLSA, law enforcement officers who work more than a seven (7) day work period and less than a twenty-eight (28) day work period must exceed one hundred

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/11

FEERICK LYNCH MACCARTNEY PLLC
NOVEMBER 30, 2011
PAGE TWO

seventy-one (171) hours in a twenty-eight (28) day work period before any entitlement to overtime pay exists. 29 U.S.C. § 207(k); 29 C.F.R. § 553.230(b). Where the established work period is shorter, in order to be entitled to overtime, the law enforcement officer hours worked must exceed the number of hours which bears the same relationship to one hundred seventy-one (171) as the number of days in the work period bears to twenty-eight (28). 29 U.S.C. § 207(k); 29 C.F.R. § 553.230(b).

"The FLSA generally requires that employers provide overtime compensation for any work beyond forty hours in a single workweek. However, FLSA provides an exception for public law enforcement employees, allowing overtime to commence only after 171 hours of work in a twenty-eight day work period or 'tour of duty.'" Scott v. City of New York, 592 F. Supp. 2d 386, 400 (S.D.N.Y. 2008). "For such employees, overtime commences after 171 hours of work in a twenty-eight day period, instead of after forty hours of work in a seven day period." Id.; 29 C.F.R. § 553.201 (171 hours for law enforcement personnel). Edwards v. City of New York, 08 CIV. 3134 DLC, 2011 WL 3837130 (S.D.N.Y. Aug. 29, 2011). Accordingly, Plaintiffs' claim must fail. While, as set forth above, the forty (40) hour threshold under the FLSA may be applicable to employees in general, Plaintiffs are law enforcement officers and are therefore subject to the one hundred seventy-one (171) hour threshold under 29 U.S.C. § 207(k).

The provisions of the FLSA and the Amended Complaint expressly establish that the Plaintiffs first cause of action fails to state a claim for which relief may be granted and accordingly, Defendant should be permitted to proceed with a Motion to Dismiss the Amended Complaint in its entirety.

**PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE CLAIM UNDER THE FLSA**

Plaintiffs' second claim for relief asserts a retaliation claim under 29 U.S.C. § 215(a)(3) against employees based on the filing of the instant proceeding. Plaintiffs assert that the Village reduced the bi-weekly work hours of the employees by four (4) hours, from 84 hours to 80 hours and therefore engaged in retaliatory action under 29 U.S.C. § 215(a)(3).

It is well-established that where a public employer reduces employees' hours in order that they not work overtime, thereby eliminating the need to pay premium wages for overtime, the employer does not discriminate or retaliate against the employee. See Adams v. City of McMinnville, 890 F.2d 836 (6th Cir. 1989). See also Blackie v. State of Maine, 75 F.3d 716 (1st Cir. 1996).

Even if Plaintiffs made the required showing of (1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action [Mullins v. City

FEERICK LYNCH MACCARTNEY PLLC
NOVEMBER 30, 2011
PAGE THREE

of N.Y., 554 F.Supp.2d 483, 488 (S.D.N.Y.2008)], Defendant Village has a legitimate non-retaliatory reason for its actions. See Holcomb v. Iona Coll., 521 F.3d 130, 138 (2d Cir.2008).

As a matter of business judgment and mindful that the Plaintiffs have no legal entitlement to work overtime hours, the Defendant Village restored the Plaintiffs' regular work hours to a standard eighty (80) hour workweek to eliminate accumulation of claimed overtime pay. However, there was no reduction in the Plaintiffs' base salaries. Accordingly, there could only be a loss of overtime pay.

Plaintiffs cannot be permitted to claim, on the one hand, that hours worked in excess of 80 hours in the work period constitute overtime under the FLSA, and on the other hand allege retaliation under the FLSA where the Village, in response to the litigation claims, reduces the total hours regularly worked to 80 hours to eliminate the claimed overtime. The FLSA does not immobilize employers in this manner. See Blackie v. State of Maine, 75 F.3d 716, 723 (1st Cir. 1996). The Village, not knowing the final outcome of this legal proceeding, is entitled pursuant to its business judgment, to avoid permitting employees to routinely work hours that the employees claim as overtime hours. Further, the FLSA does not guarantee employees that they will be able to work overtime hours in order to receive premium pay. See 29 U.S.C. § 207. See also Adams v. City of McMinnville, 890 F.2d 836, 840 (6th Cir. 1989). Even if the elements of retaliation were established by Plaintiffs, Defendant Village asserts a valid, nondiscriminatory reason for taking the action.

## CONCLUSION

Defendant submits that, for the reasons set forth above, the requested motion practice may dispose of this action without the necessity of additional proceedings before the Court. Our Office thanks Your Honor for consideration of our submission.

Respectfully submitted,

Brian D. Nugent

BDN/etm
cc:  (*Via E-Mail and First Class Mail*)
     The Tuttle Law Firm
     Attention: James B. Tuttle, Esq.